FILED by _____ D.C.

ELECTRONIC

**June 26, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**09-CV-60952-Martinez/Brown**

TAMIKO P. WALKER,

> Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC.,

> Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.  Plaintiff, TAMIKO P. WALKER, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, CENTRAL CREDIT SERVICES, INC., is a corporation and citizen of the State of Florida with its principal place of business at Suite 500, 9550 Regency Square Boulevard, Jacksonville, Florida 32225.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant  regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

9.      Defendant left the following messages on Plaintiff's voice mail on her residential telephone on or about the dates stated:

June 26, 2008
Hi. This is _____ (inaudible) calling from the office of Jackie Bream. Return my call. 800-401-9576.

August 12, 2008.
Ron Hansford. Return my call. It is a toll free phone number. (no number provided)

August 23, 2008.
This is not a solicitation. In order to protect your privacy, a full disclosure of the nature of this call is available without you having to speak to a representative. You can access the disclosure by calling 888-866-6484. After receiving the full disclosure, you will have the option to speak to one of our representatives.

This is a message for Ronald Hansford. We have an important matter to discuss with you. This is not a solicitation. In order to protect your privacy, a full disclosure of the nature of this call is available without you having to speak to a representative. You can access the disclosure by calling 888-866-6484. After receiving the full disclosure, you will have the option to speak to one of our representatives.

September 17, 2008.
To protect your privacy, a full disclosure of the nature of this call is available without you having to speak to a representative. You can access the disclosure by calling 888-866-6484. After receiving the full disclosure, you will have the option to speak to one of our representatives.

This is a message for _____. (no name provided) We have an important matter to discuss with you. This is not a solicitation. In order to protect your privacy, a full disclosure of the nature of this call is available without you having to speak to a representative. You can access the disclosure by calling 888-866-6484. After receiving the full disclosure, you will have the option to speak to one of our representatives.

10.    Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

11.    The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

12.    Some of the messages use a pre-recorded or artificial voice.

13.    Some of the messages appear to be seeking to collect a debt from

Ronald Hansford and others are silent as to the identity of the intended recipient.

14.    Plaintiff is not liable for the debt of Ronald Hansford, nor does Mr.

Hansford reside at Plaintiff's home.

3

15.    The U.S. Court of Appeals for the Eleventh Circuit has established the standard by which violations of the FDCPA are analyzed, *i.e.,* whether the communication by the debt collector would mislead the "least sophisticated consumer". *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-78  (11th Cir. 1985).

16.    Based upon the text of some of the messages, the least sophisticated consumer would believe she is obligated to pay a consumer debt and, accordingly, is a consumer as defined in the FDCPA and a debtor as defined in the FCCPA.

17.    Defendant used a pre-recorded or artificial voice to place telephone calls to Plaintiff's home telephone.

18.    Plaintiff did not expressly consent to Defendant's placement of telephone calls to her home telephone by the use of a pre-recorded or artificial voice prior to Defendant's placement of the calls.

19.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

20.    Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

21.    Plaintiff incorporates Paragraphs 1 through 20.

22.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S.

4

Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs.</u>,

2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

23.    Plaintiff incorporates Paragraphs 1 through 20.

24.    Defendant placed telephone calls to Plaintiff without making

meaningful disclosure of its identity when it failed to disclose its name and or that

it is a debt collector and the purpose of Defendant's communication in the

telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The*

*Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist.

LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia,*

*Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,*

387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

      a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

25.    Plaintiff incorporates Paragraphs 1 through 20.

26.    Defendant caused Plaintiff's telephone to ring repeatedly or

continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C

§1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D.

Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED
## CALLS USING A PRE-RECORDED OR ARTIFICIAL VOICE

27.    Plaintiff incorporates Paragraphs 1 through 20.

28.    Defendant engaged in conduct the natural consequence of which is to

harass, oppress, or abuse by using a pre-recorded or artificial voice in placing

telephone calls to Plaintiff's residential telephone to which Plaintiff had not

consented, in violation of 15 U.S.C §1692d.

6

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

**COUNT V**
**ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

29.    Plaintiff incorporates Paragraphs 1 through 20.

30.    Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing its name, that it is a debt collector and the purpose of its communications, by using a pre-recorded or artificial voice in placing calls to Plaintiff's residential telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency at can be reasonably be expected to harass Plaintiff, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31.   Plaintiff incorporates Paragraphs 1 through 20.

32.   By failing to disclose its name, that it is a debt collector and the purpose of its communication, by using a pre-recorded or artificial voice in placing telephone calls to Plaintiff's residential telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency at can be reasonably be expected to harass Plaintiff, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of suit; and

   c.   Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

33.   Plaintiff incorporates Paragraphs 1 through 20.

34.   Defendant placed non-emergency telephone calls to Plaintiff's home telephone using a pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(B).

8

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.    Damages; and

     b.    Such other or further relief as the Court deems proper.

## COUNT VIII
## DECLARATORY AND INJUNCTIVE RELIEF

35.    Plaintiff incorporates Paragraphs 1 through 20.

36.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

37.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

38.    Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the FCCPA.

39.    Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

     a.    declaring that Defendant's practices violate the TCPA and the FCCPA;

     b.    permanently injoining Defendant from engaging in the violative practices; and

9

c.      Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this ___*26*___ day of June, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658

10

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tamiko P. Walker | Central Credit Services, Inc. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842

FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

09CV60952 Martinez/Brown

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated and Principal Place of Business in This State | 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** ___1-2___ days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

### NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Pers. Injury-Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury- Prod. Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personnel Property | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgement

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A ☐ CLASS ACTION No UNDER F.R.C.P. 23

DEMAND $ N/A    Check YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 24 2009    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
SJF I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 544672   Amount 350.00
Date Paid: _____   M/ifp: _____